JUDGE MARRERO

08 CV 3802

NOURSE & BOWLES, LLP
Attorneys for Plaintiff
BUDISUKMA PERMAI SDN BHD
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200



APR 22 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BUDISUKMA PERMAI SDN BHD,

         Plaintiff,

- against -

NMK PRODUCTS AND AGENCIES LANKA
(PVT) LTD.,

         Defendant.
------------------------------------------------------------X

08 Civ.    ( )

**VERIFIED COMPLAINT**

Plaintiff, BUDISUKMA PERMAI SDN BHD ("Plaintiff"), by its attorneys, Nourse & Bowles, LLP, complaining of the above-named defendant NMK PRODUCTS AND AGENCIES LANKA (PVT) LTD. ("Defendant"), alleges on information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a corporation or other business entity organized and existing under the laws of Malaysia with an office and place of business at 240 Jalan Pantai Batu 1 ½ Port Dickson, Negri Sambilan, Malaysia..

3. At all material times, Defendant was and now is a corporation or other business entity organized and existing under the laws of Sri Lanka with an office and place of business at Colombo, Sri Lanka.

4. Pursuant to a contract of time charter party dated September 23, 1999, Plaintiff, as vessel owner, chartered the vessel M/V BUDI PERMAI (the "Vessel") to Defendant, as charterer ("the Charter Party"). The Charter Party provides for resolution of disputes between the parties by arbitration in London with English law to apply.

5. Following the carriage of cargo under the Charter Party, Defendant, in breach of the arbitration provision in the charter, commenced suit against Plaintiff in the courts of Sri Lanka where it alleged that during the course of the charter Plaintiff had caused damage and loss to Defendant's cargo in the sum of $1,880,469.99. Defendant arrested the Vessel in connection with said suit in Sri Lanka and proceeded to seek a determination of its claim in said suit in breach of the charter party arbitration clause.

6. By reason of Defendant's breach of charter in pursuing its claim in the courts of Sri Lanka, Plaintiff was forced to defend the suit there and, following the arrest of the Vessel in Sri Lanka, to post a bank guarantee to secure the release of the Vessel pending that suit as Defendant refused to accept a letter of undertaking as is customary in London arbitration. Said action has remained pending for a prolonged period beginning in our about November, 1999 despite Plaintiff's best efforts to have that action stayed or dismissed, all of which has required Plaintiff to expend considerable sums to defend against Defendant's breach and to maintain the aforesaid bank guarantee.

7. By reason of Defendant's breach of the charter in commencing its action in Sri Lanka and arresting the Vessel there and insisting on a bank guarantee, Plaintiff has expended in Sri Lanka to date, and not including attorneys' fees and court costs, the sum of $390,371.66 in bank guarantee premiums to maintain the aforesaid bank guarantee.

8. In addition to the forgoing, by reason of Defendant's breach of charter in commencing its action in Sri Lanka, Plaintiff has suffered attorneys' fees and related expenses in Sri Lanka in the amount of $65,000.

9. On or about August 21, 2006 the court in Sri Lanka stayed but did not dismiss Defendant's action in Sri Lanka pending arbitration. Defendant is challenging that ruling and hence further legal costs in Sri Lanka to defend against Defendant's continuing breach by pursuing its claims in Sri Lanka are anticipated in the amount of an additional $35,000. Furthermore, the bank guarantee remains in place in Sri Lanka with premiums for same continuing to accrue and Plaintiff reasonably anticipates continuing costs for such premiums in the amount of an additional $100,000.

10. Following the ruling by the court in Sri Lanka to stay the action there, Defendant's claims for alleged cargo loss and damage were referred to arbitration in London where arbitrators have now, in a partial final award, dismissed Defendant's claims with costs and arbitrators' fees in Plaintiff's favor and have ruled that they are now prepared to hear Plaintiff's claims for its costs in the London arbitration, where same are recoverable, and to hear Plaintiff's counterclaims for damages caused by Defendant's breach of charter in pursuing its claims in Sri Lanka after arresting the Vessel there and requiring a bank guarantee to release the Vessel for arrest, including Plaintiff's claim for premiums paid to maintain the bank

guarantee in connection with Defendant's action in Sri Lanka. Plaintiff's legal costs, to date, in defending the London arbitration are $140,000 and Plaintiff reasonably anticipates, at current exchange rates, further legal costs of $160,000 to complete the London arbitration for total legal costs of the London arbitration of $300,000.

11. The arbitrators have also awarded Plaintiff arbitrator's fees in the amount of about $10,000 with interest to accrue thereon at the rate of 7.75% interest compounded quarterly.

12. Plaintiff has been damaged by reason of Defendant's breach of charter in pursuing its claims in the Courts of Sri Lanka and requiring a bank guarantee following arrest of the Vessel in Sri Lanka in the principal amount of $890,371.66 as best as can presently be calculated consisting of (1) $390,371.66 representing the payment of premiums for the bank guarantee to date; (2) further anticipated premiums for the bank guarantee in the amount of $100,000; (3) costs incurred to date of the Sri Lanka proceeding in the amount of $65,000; (4) further anticipated costs of the Sri Lanka proceedings in the amount of $35,000; and (5) costs and attorneys' fees in connection with both defense and prosecution of the London arbitration in the amount of $300,000. Plaintiff will pursue the merits of these claims in the pending arbitration in London and/or the courts of London and/or Sri Lanka, as appropriate, but prays for process of maritime attachment and garnishment to secure these claims.

13. Plaintiff also claims interest on its claims of $390,371.66 and $65,000 (totaling $455,371.66) for an average of 5 years at likely rates of interest in London of 7.75% per annum compounded quarterly which Plaintiff calculates at $213,042.38.

14. By reason of the foregoing premises, Plaintiff claims the total sum, including interest, of $1,103,414.04 against Defendant as best as can presently be calculated.

15. Defendant cannot be found within the district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire or credits including but not limited to electronic fund transfers in the hands of garnishees in this District.

WHEREFORE, Plaintiff prays:

    A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

    B. That, since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property owing or otherwise the property of the Defendant up to the amount of $1,103,414.04 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Admiralty Rule B, answer the matters alleged in the Complaint.

        C.    That such property attached pursuant the Process of Maritime Attachment and Garnishment remain sequestered to serve as security for the payment of Plaintiff's claims; and

        D.    That, following the attachment of sufficient funds to secure Plaintiff as prayed herein, that action be stayed pending resolution of the merits of the claim in London in accordance with the governing contract.

        E.    That Plaintiff has such other, further and different relief as may be just and proper.

Dated: New York, New York  
       April 22, 2008

                      NOURSE & BOWLES, LLP  
                      Attorneys for Plaintiff  
                      BUDISUKMA PERMAI SDN BHD

                      By: _____  
                      Armand M. Paré, Jr. (AP-8575)  
                      One Exchange Plaza, At 55 Broadway  
                      New York, NY 10006-3030  
                      (212) 952-6200

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NEW YORK | ) |

ARMAND M. PARÉ, JR., being duly sworn, deposes and says:

I am a member of the firm of Nourse & Bowles, LLP, attorneys for plaintiff herein and I have read the foregoing Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the plaintiff.

This verification is made by me because plaintiff is a foreign corporation.

_____
ARMAND M. PARÉ, JR.

Sworn to before me this
___ day of April, 2008

_____
Notary Public

JANE COLASURDO
Notary Public, State Of New York
No. 31-4786002
Qualified In New York County
Commission Expires April 30, 2011

7